No. 89-027

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

WILLIAM T. "BILL" HOWELL, and JENSEN HOWELL,
                Plaintiffs and Appellants,
        -vs-
GLACIER GENERAL ASSURANCE COMPANY and the
STATE OF MONTANA and its agent, THE MONTANA
POTATO IMPROVEMENT ASSOCIATION,
                Defendants and Respondents,
        -and-
MONTANA INSURANCE GUARANTEE ASSOCIATON,
a non-profit association,
                Plaintiff in Intervention and Respondent
        -vs-
GRANGE INSURANCE ASSOCIATION, a corporation; and
WILLIAM T. "BILL" HOWELL and JENSEN HOWELL, individuals,
                Defendants in Intervention and Appellants.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and For the County of Missoula,
               The Honorable James R. Wheelis, Judge presiding.

COUNSEL OF RECORD:
        For Appellant:

                Jon R. Binney and Lon J. Dale argues; Milodragovich,
                Dale & Dye, Missoula, Montana

        For Respondent:

                Robert Phillips argued; Snavely & Phillips,
                Missoula, Montana
                Randy J. Cox argued; Boone, Karlberg & Haddon,
                Missoula, Montana

                                Submitted: September 25, 1989
                                  Decided: December 27, 1989
Filed:

                        _____
                                /Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by Bill and Jensen Howell (Howells) and Grange Insurance Association (Grange) from a grant of summary judgment in favor of respondent Montana Insurance Guarantee Association (MIGA), the State of Montana and the Montana Potato Improvement Association (MPIA). Also appealed is the District Court's denial of appellants' motion to stay pending completion of discovery and its granting of respondents' motion for protective order. We affirm in part, reverse in part and remand for further proceedings.

Appellants present essentially two issues for review:

1. Did the court abuse its discretion in denying plaintiffs' motion to stay ruling pending completion of discovery and in granting defendants' motion for protective order?

2. Did the District Court err in granting summary judgment in favor of defendants State of Montana, Montana Potato Improvement Association and Plaintiff-in-Intervention, Montana Insurance Guarantee Association?

At all times material to this litigation, calendar years 1976-1977, the Howells were Montana seed potato producers. The State was an insured of Glacier General under a policy titled "municipality comprehensive liability policy." MPIA is an agent of the State in seed certification matters. The policies insured the State against certain risks enumerated in policies ML101, effective July 1-June 30, 1976 and ML102, effective July 1, 1976-June 30, 1977. Grange insured Howells.

The instant action arose out of a Washington civil case wherein certain Washington potato farmers sought compensation for damages they incurred because they had purchased seed

potatoes infected with ring rot. The Washington plaintiffs filed suit in 1979 in Washington against the Howells, certain Washington warehousemen and MPIA, who had certified the seed potatoes. Grange, under a reservation of rights, defended the Howells in the Washington litigation.

On March 20, 1981, judgment was entered in the Washington litigation. The judgment in excess of $485,000 ran directly against the warehousemen and MPIA jointly and severally. The Howells were found not negligent but they were ordered to indemnify one of the Washington warehousemen because of breach of warranty claims.

On September 17, 1981, the Washington plaintiffs filed a complaint in Montana to enforce the judgment in Montana and on August 24, 1983, judgment was entered against MPIA and Howells.

During the time between September 1981 and October 1983 Grange and Howells tried to get MPIA and the State to pay some or all of the judgment but their efforts were unsuccessful.

In October 1983, the Washington plaintiffs assigned their judgments to the Howells with Grange furnishing the entire consideration for the assignment. Grange paid the consideration under a reservation of rights agreement. Then in December 1983, Howells and Grange initiated this action. During the pendency of this action, Glacier General was declared insolvent and MIGA was granted permission to intervene.

Discovery in this action spans several years. Appellants deposed Thomas Haggerty; claims manager of Glacier General, in December of 1985. Later, in January of 1987, appellants deposed John Maynard. After these depositions, appellants attempted to depose J. Michael Young, Dr. Sun and James McLean, defendants' agents. Prior to the summary

judgment motion counsel had tried to schedule these depositions but were unable to do so because of scheduling conflicts. Appellants filed notices of depositions for September 19 and 26, 1988. In the meantime respondents filed their motion for summary judgment.

## Issue I

Did the court abuse its discretion in denying plaintiffs' motion to stay ruling pending completion of discovery and in granting defendants' motion for protective order?

Rule 56(f), M.R.Civ.P. is as follows:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

A review of the District Court's order and opinion discloses that the district judge did read and consider plaintiffs' arguments. However, the District Court, in its discretion, decided that the plaintiffs did not sufficiently establish how that proposed discovery could preclude summary judgment. A review of appellants' motion and affidavit persuades us that the District Court did not abuse its discretion. Further, in light of our holding on Issue II, reopening discovery as outlined by appellants is unnecessary. We affirm the District Court.

4

Did the District Court err in granting summary judgment in favor of defendants State of Montana and Montana Potato Improvement Association and Plaintiff-in-Intervention, Montana Insurance Guarantee Association?

The District Court found that respondents were entitled to summary judgment because this action is essentially a subrogation action and the Montana Insurance Guaranty Association Act (MIGAA) prohibits recovery from MIGA by insurance companies. We agree with the District Court as to MIGA, but disagree with the District Court's holding as to MPIA and the State.

## MIGA

MIGAA states in pertinent part as follows:

> 33-10-102(2)(b) "Covered claim" shall not include any amount due a reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.

The MIGAA clearly prohibits subrogation recoveries from MIGA by an insurance company. In the instant case, the District Court correctly found dispositive the fact that Grange purchased the judgments from the Washington plaintiffs. Since Grange owns the judgments, § 33-10-102(2)(b), MCA, bars appellants' claim against MIGA.

Appellants contend that even though Grange paid for the judgments, Grange's reservation of rights preserves the claim as Howells'. Thus, appellants argue that the Howells have a claim against MIGA which is not barred by § 33-10-102(2)(b), MCA. However, the reservation of rights issue only determines the party (Grange or Howells) who receives payment of the judgment. The insurance coverage dispute between Grange and Howells does not impact the liability of the State

or MPIA nor does it alter the effect of Grange purchasing the judgments. We affirm the summary judgment in favor of MIGA.

## The State and MPIA

The District Court's opinion does not directly address why it granted summary judgment for the State and MPIA. Apparently the District Court concluded that since § 33-10-102(2)(b), MCA, barred recovery from MIGA, it somehow barred recovery from the State or MPIA as well because they are insureds of an insolvent insurer. However the District Court erred in granting summary judgment in favor of the State and MPIA.

The District Court's opinion, in effect, nullifies the valid judgment that appellants hold against MPIA. Respondents correctly argue that MIGA affords limited protection to the insureds of insolvent insurers. However, that limited protection does not absolve tortfeasors from judgments against them because coincidentally their insurance carriers become insolvent. Regardless of the effect of the MIGAA on this litigation, appellants still hold a valid judgment against MPIA that remains unsatisfied and judgment should be entered against MPIA. As to the liability of the State of Montana, we remand to the District Court for further proceedings to determine the liability of the State of Montana. We therefore reverse the District Court's award of summary judgment in favor of the State and MPIA and direct entry of summary judgment in favor of the appellants against MPIA. Affirmed as to MIGA, reversed as to the State and MPIA, and remanded for further proceedings consistent with this opinion.

John Conway Harrison
Justice

6

We concur:

_John C. Sheehy_

_Diane G. B____

_William Hunt___

_____

_R.C. McDonough_

Justices

_Frank I. Haswell_
The Honorable Frank I. Haswell,
Retired Chief Justice, sitting
for Chief Justice J.A. Turnage