No. 99-176

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 178

295 Mont. 268

983 P.2d 390

ENVIRONMENTAL CONTRACTORS, LLC,

Plaintiff and Respondent,

v.

WINFIELD MOON, SR.,

Defendant and Appellant.

No

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Diane G. Barz, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

M. Dayle Jeffs and Rodney W. Rivers, Jeffs & Jeffs, Provo, Utah

Kenneth D. Peterson, Peterson & Schofield, Billings, Montana

For Respondent:

Gerald B. Murphy and Christopher J. Flann, Moulton, Bellingham,

Longo and Mather, Billings, Montana

Submitted on Briefs: July 1, 1999

Decided: July 27, 1999

No

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Winfield Moon, Sr. (Moon), appeals from the entry of summary judgment by the Thirteenth Judicial District Court, Yellowstone County, in favor of Environmental Contractors, LLC (Environmental), in an action to recover amounts due under two promissory notes. We affirm.**

<u>ISSUES</u>

**¶2. 1. Is this appeal subject to dismissal for Moon's failure to comply with the mandatory mediation requirements of Rule 54(a), M.R.App.P.?**

**¶3. 2. Did the District Court err when it ruled on the motion for summary judgment without allowing Moon the opportunity to conduct further discovery?**

**¶4. 3. Did the District Court err in granting summary judgment in favor of Environmental?**

**¶5. 4. Did the District Court err in denying Moon's motion to consolidate this matter with a separate action filed by Environmental for breach of contract?**

## BACKGROUND

¶6. On September 5, 1996, Moon entered into a contract with Environmental for the dismantling and salvage of the F.W. Bird Power Plant in Billings, Montana. As part of the agreement between the parties, Moon executed two promissory notes in favor of Environmental. The first note was made in the principal amount of $100,000, payable by an initial installment of $50,000 on or before January 1, 1997, and a final installment of $50,000 on or before June 1, 1997. Moon failed to pay either installment, and on March 11, 1997, the parties agreed to extend the payment date on the entire note to May 17, 1997.

¶7. The second note was made in the principal amount of $55,000, payable by cashier's check on or before May 13, 1997, and accruing interest at the rate of 10 percent per annum from September 5, 1996, until payment of the note. The note recites that the instrument was executed by Moon in exchange for Environmental's promise to forego immediate collection action on a dishonored check on which Moon had wrongfully stopped payment. Moon had issued the check to Environmental for the purpose of obtaining additional bonding on the salvage project.

¶8. Environmental filed the present action to collect the amounts due under the two promissory notes, along with a separate action alleging breach of contract on the salvage project. Moon acknowledged in his pleadings before the District Court that he executed the promissory notes, but asserted, among other things, that the amounts due on the notes had been paid from other sources, or in the alternative, that the notes were not enforceable for lack of consideration. Moon also filed a motion before the District Court requesting that this action be consolidated with Environmental's breach of contract claim. The District Court denied Moon's motion to consolidate.

¶9. Environmental filed a motion for summary judgment for the amounts of the promissory notes, along with supporting affidavits stating that both notes were in default. The District Court initially scheduled a hearing on the summary judgment motion for October 14, 1998, but subsequently moved the hearing back by one week due to a conflict in attorney schedules.

¶10. Moon filed a motion pursuant to Rule 55(f), M.R.Civ.P., seeking to have the

**summary judgment hearing further continued so that additional discovery could be performed. The District Court effectively denied this motion when it conducted the summary judgment hearing and granted summary judgment in favor of Environmental.**

**¶11. Moon appeals the denial of his motion to consolidate, the *de facto* denial of his motion to continue, and the grant of summary judgment in favor of Environmental. Environmental raises the additional issue of whether Moon's conduct during the mandatory mediation process of Rule 54, M.R.App.P., warrants the dismissal of Moon's appeal.**

## DISCUSSION

**¶12. 1. Is this appeal subject to dismissal for Moon's failure to comply with the mandatory mediation requirements of Rule 54, M.R.App.P.?**

**¶13. In its appellate brief, Environmental urges this Court to sanction Moon for his uncooperative behavior during the appellate mediation process mandated by Rule 54, M.R.App.P., by dismissing this appeal. In particular, Environmental argues that Rule 54(e)(3), M.R.App.P, requires the mediation conference to be held in person except where impractical due to time, distance or other considerations, and that Moon's failure to appear in person at the mediation conference constitutes grounds for sanctions under the Rule. As support for its request for sanctions, Environmental relies on a letter by the mediator in which Moon's participation in the mediation is summarized as follows:**

At the appointed time for mediation, namely, 9:00 a.m., May 3, 1999, Mr. Moon did not appear. Mr. Frank Kolendick, on behalf of Respondent, did appear in person. Mr. Jeffs, counsel for Mr. Moon, did appear and indicated that Mr. Moon was unable to obtain a plane from Salt Lake City Sunday afternoon and evening or early Monday morning. He explained that he was on the waiting list for three planes on Sunday and one Monday morning but that he was not able to get on any of the airplanes. At my suggestion, we made phone contact with Mr. Moon and asked him to explain further. At that time, and in front of the other persons at the mediation, he indicated that he did not obtain a reservation in advance and made no effort to do so.

Notwithstanding his absence, at my request we made some effort to determine the position of the parties and to engage in some meaningful mediation with Mr. Moon participating by phone. The mediation was not successful.

¶14. Moon responds that his failure to personally attend the mediation conference did not violate Rule 54, because the Rule expressly provides that a party may participate in a mediation conference via a representative, provided that representative has full authority to engage in settlement negotiations. Although Moon was unable to attend the conference, his counsel, Mr. Jeffs, was in attendance and had full authority to negotiate on Moon's behalf. Moreover, Moon argues, Rule 54 makes no provision for the imposition of sanctions against a party who declines to participate in mediation.

¶15. Although Environmental is correct that under Rule 54(e)(3), M.R.App.P., in-person meetings are the preferred medium of communication for mediation conferences, this Rule addresses only the means by which the conference may be conducted, not who is required to attend. That requirement is addressed in Rule 54(e)(8), M.R.App.P., which expressly provides that "[e]ach party, or a representative of each party with authority to participate in settlement negotiations and effect a complete compromise of the case, shall be required to participate in the mediation conference." Based on the record before us, we hold that Moon's participation in the mediation process was within the bounds permitted by Rule 54, M.R.App.P., notwithstanding his failure to appear in person at the mediation conference.

¶16. Because we hold that Moon's conduct during the settlement negotiations did not violate the parameters of Rule 54, M.R.App.P., we decline at this time to address whether a party may be sanctioned under Rule 54 for failure to participate in mandatory alternative dispute resolution on appeal.

¶17. 2. Did the District Court err when it ruled on the motion for summary judgment without allowing Moon the opportunity to conduct further discovery?

¶18. Moon contends that Environmental's motion for summary judgment was premature because of an inadequate opportunity to depose various persons or obtain documents which might demonstrate whether payment on the notes was made, and if so, in what manner.

**¶19. Rule 56(f), M.R.Civ.P., provides that:**

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

District courts have inherent discretionary power to control discovery. *J.L. v. Kienenberger* (1993), 257 Mont. 113, 119, 848 P.2d 472, 476. This discretionary power extends to deciding whether to deny or to continue a motion for summary judgment pursuant to Rule 56(f), M.R.Civ.P. *Howell v. Glacier General Assur. Co.* (1989), 240 Mont. 383, 386, 785 P.2d 1018, 1019. A district court does not abuse its discretion in denying a Rule 56(f), M.R.Civ.P., motion where the party opposing a motion for summary judgment does not establish how the proposed discovery could preclude summary judgment. *Howell*, 240 Mont. at 386, 785 P.2d at 1020.

**¶20. In his Memorandum of Points and Authorities In Support of Defendant's Motion for Rule 56(f) Continuance, Moon listed the names of a number of persons whom he wished to depose prior to the summary judgment hearing. These depositions were necessary, Moon asserted, because "[e]ach of these parties have knowledge or information which are relevant to the allegations set forth by the Plaintiffs in the Complaint as well as the defenses and allegations set forth by the Defendant in his Answer and Counterclaim." Moon also submitted the affidavit of his counsel, in which counsel again states that the deposition of these persons is necessary in order for Moon to properly respond to Environmental's motion for summary judgment because these parties "have knowledge of the facts and circumstances of the case, including allegations made by the Plaintiff."**

**¶21. Neither Moon's briefs nor the supporting affidavit of counsel establish how the proposed discovery could preclude summary judgment. It was Moon's burden to explain what new facts could have been obtained through further discovery which could defeat Environmental's motion, and this he failed to do. We hold therefore that the District Court did not abuse its discretion in conducting the summary judgment hearing and ruling on Environmental's motion without allowing Moon the**

opportunity to conduct further discovery.

**¶22. 3. Did the District Court err in granting summary judgment in favor of Environmental?**

**¶23. Our standard of review of the grant of summary judgment by the district court is the same as that used by the district court under Rule 56(c), M.R.Civ.P. *Matter of Estate of Lien* (1995), 270 Mont. 295, 298, 892 P.2d 530, 532. Summary judgment may be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. In a motion for summary judgment the moving party has the initial burden of showing an absence of material fact, upon which the burden shifts to the opponent to affirmatively demonstrate that an issue of material fact exists. *Owen v. Ostrum* (1993), 259 Mont. 249, 255-56, 855 P.2d 1015, 1019. Mere denial or speculations will not suffice; the nonmovant must show facts sufficient to raise a genuine issue. *Taylor v. Koslosky* (1991), 249 Mont. 215, 217, 814 P.2d 985, 986.**

**¶24. In its Order and Memorandum granting Environmental's motion for summary judgment, the District Court concluded that no genuine issues of material fact existed with regard to whether the notes had been paid. The District Court based this conclusion on the fact that**

the only actual evidence the Court has concerning payment is that payment, according to the terms of the notes, has not been made. Defendant could have easily rebutted this assertion by submitting an Affidavit of his own stating that he has paid the notes. Defendant has not done this, however, and the Court is left with only one conclusion; that the notes have not been paid according to their terms.

**¶25. In his appellate brief, Moon argues that his failure to submit an affidavit stating that payment on the notes had been made was due in part to the District Court's denial of his motion for continuance and his resulting inability to perform proper discovery in this case. "It is unjust and unreasonable," Moon argues, "for the District Court to criticize the Plaintiff's [sic] failure to submit evidence, when the Court itself improperly restricted Defendant's access to said evidence."**

**¶26. As discussed above, the District Court's denial of Moon's motion for continuance of the summary judgment hearing so that additional discovery could be**

performed was a proper exercise of that court's discretion based upon Moon's failure to provide the District Court with an adequate explanation of what additional discovery was likely to produce. We therefore reject Moon's argument that the District Court erred in granting summary judgment based on the evidence before it at the time of the hearing.

¶27. Moon also argues that the District Court erred in granting summary judgment on the promissory notes because there was a genuine issue of material fact regarding whether the notes were unenforceable for lack of consideration. The District Court found that this fact was not in dispute because "the notes clearly state that the consideration Defendant received was the Plaintiff's forbearance on collecting the underlying debts for the dishonored check and the failure to pay the original note."

¶28. Section 26-1-602(21), MCA, creates a rebuttable presumption arising from the fact of the note itself that the note was given for sufficient consideration. Rule 301(b)(2), M.R.Evid., states that a disputable presumption may be overcome by a preponderance of the evidence contrary to the presumption; otherwise, the trier of fact is bound to find the assumed fact in accordance with the presumption.

¶29. The introduction of the notes into evidence before the District Court created a rebuttable presumption that proper consideration was given in exchange for the notes. It was Moon's burden to show that an issue of material fact existed regarding whether such consideration in fact existed. Although Moon asserted in his pleadings that, if deposed, Lee Alt, the architectural engineer hired by Moon to oversee the dismantling of the power plant and arrange payment to Environmental, would likely testify that the notes were not supported by any consideration, this assertion was contradicted by Alt's own affidavit, filed in support of Environmental's motion for summary judgment, in which Alt testified that both notes were supported by adequate consideration at the time of their execution.

¶30. Moon's other conclusory and speculative statements in his pleadings, briefs, and the affidavit of counsel submitted with his motion to continue do not constitute sufficient factual evidence to carry Moon's burden of demonstrating that a genuine issue of material fact existed contrary to the presumption of valid consideration accorded to these notes under the law. We therefore affirm the District Court's conclusion that the notes were not unenforceable for lack of consideration and its award of summary judgment in favor of Environmental.

¶31. **4. Did the District Court err in denying Moon's motion to consolidate this matter with a separate action filed by Environmental for breach of contract?**

¶32. **Rule 42(a), M.R.Civ.P., states:**

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

We review a district court's denial of a motion to consolidate for an abuse of discretion. *Tribby v. Northwestern Bank of Great Falls* (1985), 217 Mont. 196, 208, 704 P.2d 409, 416.

¶33. **Moon argues that the District Court abused its discretion in denying its motion to consolidate this action with Environmental's breach of contract claim because both actions involved common questions of law and fact; it would have been more cost efficient for the parties to have the actions consolidated; and the court's refusal to consolidate the actions creates the possibility of conflicting and duplicative judgments against Moon. Environmental responds that the two actions do not involve common issues of fact and law because the contract on the salvage project was entirely independent and apart from Moon's obligations on the promissory notes, and the fact that the two actions involve the same parties is not sufficient grounds to justify consolidation.**

¶34. **After reviewing the promissory notes at issue and the complaints filed in both actions, the District Court determined that the salvage contract and the promissory notes constituted separate and independent obligations, neither referencing or incorporating the terms of the other. Additionally, the District Court determined that the amounts in controversy in each action were different and independent of one another. Finally, the District Court determined that while the action on the salvage contract involved issues of law regarding contract interpretation, the primary issues in this action were simply questions of fact.**

¶35. **Our review of the record supports the District Court's denial of Moon's motion to consolidate the actions between these parties based on the reasons given by the court. We find no abuse of discretion in the District Court's ruling and therefore**

**affirm that ruling.**

**¶36. Affirmed.**

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER