No. 01-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 25N

JAY VERDI,

Plaintiff and Appellant,

v.

LINCOLN RURAL FIRE DISTRICT,

ROLLIE FISHER, DAVE TRUSTY,

BOB McCLURE, THEODORE WINDREL,

and MICHAEL F. GRAHAM,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Dorothy McCarter, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

R. J. "Jim" Sewell, Jr., and Bruce M. Spencer, Smith Law Firm,

Helena, Montana

For Respondents:

Roger T. Witt, Ugrin, Alexander, Zadick and Higgins,

Great Falls, Montana

Submitted on Briefs: November 1, 2001
Decided: February 21, 2002

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Jay Verdi appeals from the decision of the First Judicial District Court, Lewis and Clark County, granting summary judgment to defendants. We affirm.

¶3 We restate the issues on appeal as:

¶4 1. Did the District Court err in granting summary judgment to Defendants?

¶5 2. Did the District Court err in denying Verdi's motion to set aside its summary judgment order?

¶6 Jay Verdi (Verdi) became a member of the Lincoln Volunteer Fire Association (the Association) in 1972. The Association was formed in 1951 as the Lincoln Valley Volunteer Fire Company, as authorized by § 7-33-2311, MCA. The Lincoln Rural Fire District (the District) contracts with the Association to provide firefighting services for the District. Verdi was elected Fire Chief by popular vote of the firefighters in 1997 and held that position until he announced his resignation in October 1999. At that time, Michael F. Graham was appointed interim Fire Chief and subsequently named permanent Fire Chief.

¶7 In the course of an Association meeting in December 1999, Verdi became belligerent and disruptive. He swore at and made derogatory statements to Chief Graham and refused to leave the meeting. As a result, Chief Graham suspended Verdi's membership in the Association. After a discussion with Verdi

some days later, Graham lifted the suspension. Less than a month later, Verdi again swore at Graham and at a District Trustee when asked about a radio manual. Graham prepared a letter terminating Verdi's membership in the Association dated January 17, 2000. The letter indicates that it is from "Lincoln Rural Fire District Trustees." The letter is signed by Graham and four of the District Trustees. The letter was delivered to Verdi.

¶8 Verdi filed this action seeking a declaratory judgment that a District meeting was held in January 2000 to discuss his termination in violation of Montana's open meeting laws and that all action taken as a result of the meeting, including his termination, is void. He also claimed that his termination was not for "good cause" and was a violation of public policy. The named defendants are the District, Graham, and the individual Trustees for the District (collectively, Defendants).

¶9 The District Court granted summary judgment to all Defendants except Graham. The court ruled that the District did not have the power to discharge Verdi and that Graham, as the Association's Fire Chief, had that authority. Because the District did not have authority to discharge Verdi, the District did not violate the open meeting laws. Additionally, the court ruled that Verdi had no claim for wrongful discharge since he did not receive compensation. The District Court denied Verdi's motion to set aside the order. This appeal followed.

STANDARD OF REVIEW

¶10 This Court reviews a summary judgment ruling de novo. Axtell v. M.S. Consulting, 1998 MT 64, ¶ 21, 288 Mont. 150, ¶ 21, 955 P.2d 1362, ¶ 21. Rule 56(c), M.R.Civ.P., provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The purpose of summary judgment is to eliminate the burden and expense of unnecessary trials. Klock v. Town of Cascade (1997), 284 Mont. 167, 173, 943 P.2d 1262, 1266.

DISCUSSION

¶11 Did the District Court err in granting summary judgment to Defendants?

¶12 Verdi argues that the District Court erred when it granted summary judgment to the Defendants because a genuine issue of material fact exists over whether the Fire Chief or the District discharged him. If he was discharged by the District, he argues, the open meeting law was violated because no public notice of a meeting was given.

¶13 Defendants concede that the District is a public entity subject to Montana's open meeting laws "when contemplating action within its authority," but that terminating membership in the Association is not within its authority. They argue that it was solely Graham's decision to terminate Verdi's membership and that, indeed, Graham is the only one with the authority to terminate Verdi's

membership in the Association. Because the decision was Graham's, and because the Association is a private organization not subject to Montana's open meeting laws, no violation of those laws occurred.

¶14 Verdi raises several arguments to support his contention that an issue of material fact exists as to whether he was fired by the District or the Association. First, he argues that the District Court erroneously relied on the Association Bylaws which were simply attached to Defendants' reply brief and were not presented by affidavit. In addition, he argues that there is no proof in the record that the Bylaws were properly adopted.

¶15 We have stated that documents which are attached to a summary judgment brief without any supporting testimonial affidavit or sworn discovery response are little more than inadmissible hearsay. Disler v. Ford Motor Credit Co., 2000 MT 304, ¶ 11, 302 Mont. 391, ¶ 11, 15 P.3d 864, ¶ 11.

¶16 In this case, although a full copy of the Bylaws was attached to Defendants' reply brief, the actual section of the Bylaws the court relied on in its decision was the portion stating that only Graham had the authority to terminate Verdi's membership. This section was also included in Graham's affidavit which was filed with Defendants' Motion for Summary Judgment. Graham also stated in his affidavit that "the [Association] operates according to the policies and Bylaws of the Lincoln Volunteer Firefighter's Association, as most recently amended on December 23, 1999."

¶17 With his motion to set aside summary judgment, Verdi filed an affidavit which states that he "is not aware of any meeting on December 23, 1999 in which the Association members adopted the bylaws attached to the defendants' Reply Brief in Support of Summary Judgment." He also filed an affidavit signed by Mike Weiderhold, a Trustee on the Board of the District, which states that "[h]e does not remember approving the bylaws attached to the defendants' brief."

¶18 An affidavit submitted in summary judgment proceedings must be based on the affiant's personal knowledge of the facts set forth. Rule 56(e), M.R.Civ.P. If an affidavit does not comply with the requirements of Rule 56(e), it does not raise a genuine issue of material fact as a matter of law. Herron v. Columbus Hospital (1997), 284 Mont. 190, 196, 943 P.2d 1272, 1276. The fact that neither Verdi nor Weiderhold remember approving the Bylaws cannot defeat Graham's sworn statement that the Bylaws were approved.

¶19 Next, Verdi notes that § 7-33-2105, MCA, gives the District authority to provide firefighting personnel. He argues that it would be illogical for the legislature to permit a district to hire personnel and not to give the district the power to fire personnel.

¶20 Indeed, the District in this case provided firefighting personnel by contracting with the Association. The District, pursuant to § 7-33-2105, MCA, could most assuredly terminate its contract with the Association. However, the statute does not provide support for Verdi's position that the District could terminate individual members of the Association.

¶21 Verdi also argues that because the termination letter indicates that it is from "Lincoln Rural Fire District Trustees," and because four of the Trustees signed the letter, the District was the entity that terminated him.

¶22 Again, Graham's affidavit states that he prepared the letter, that the decision to terminate Verdi was his, that the District and its Trustees do not have the authority to terminate members of the Association and that he requested that the Trustees endorse his decision "due to [Verdi's] historic service and also due to the requirement that he was no longer allowed to undertake certain tasks without permission from a Trustee." As such, Verdi fails to raise a fact question on this issue.

¶23 Verdi cannot rely on conclusory or speculative statements to raise a genuine issue of material fact. Groshelle v. Reid (1995), 270 Mont. 443, 447, 893 P.2d 314, 316. Graham's sworn affidavit explains the presence of the Trustees' signatures on the letter and Verdi has offered no admissible evidence to counter it.

¶24 Verdi next argues that the Association is not a valid entity because, although the Association filed its Certification of Organization with the Clerk and Recorder of Lewis and Clark County in 1951, it failed to renew its filing every year as required by § 7-33-2311(1), MCA. Because the Association is not a valid entity, he argues, it had no authority to terminate him. He then argues that if the Association had no authority to terminate him, the District had this power by default.

¶25 We have held that shareholders or members of an organization are precluded from challenging the organization's corporate status where the organization has held itself out as a corporation and utilized the corporate structure in its dealings although there is a deficiency in the corporate status. Stott v. Fox (1990), 246 Mont. 301, 307-08, 805 P.2d 1305, 1309. Verdi states that he has been a member of the Association since 1972. He served as the Association's Fire Chief and attended meetings of the Association. He cannot now claim that the Association does not exist.

¶26 Finally, Verdi argues that it was error to grant summary judgment before he had an opportunity to fully conduct discovery. He raised this argument in his brief in opposition to summary judgment, pursuant to Rule 56(f), M.R.Civ.P.

¶27 Rule 56(f), M.R.Civ.P., states that:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

¶28 District courts have inherent discretionary power to control discovery. Environmental Contractors, LLC v. Moon, 1999 MT 178, ¶ 19, 295 Mont. 268, ¶ 19, 983 P.2d 390, ¶ 19. This discretionary power

extends to deciding whether to deny or continue a motion for summary judgment pursuant to Rule 56(f), M.R.Civ.P. Environmental Contractors, LLC, ¶ 19.

¶29 In his brief in opposition to summary judgment, Verdi stated that through discovery he would produce deposition testimony that the Trustees held an official meeting, in secret, in January 2000, at which the decision was made to discharge Verdi. In addition, he stated he would produce evidence of the exact nature of the entities involved in the decision. Further, he stated, "[t]he above facts must be developed primarily through depositions. Because of the political nature of this dispute it is not possible for Mr. Verdi to obtain affidavits from those persons knowledgeable about the facts set forth above."

¶30 The court found that the District had no authority to discharge Verdi. Therefore, even if Verdi could produce deposition testimony that a "secret" District meeting occurred to discuss his discharge, it would not preclude summary judgment. Similarly, if Verdi produced evidence that the Bylaws quoted in Graham's affidavit were not properly adopted by the Association, it would not preclude summary judgment because the Association is not subject to the open meeting laws, the only claim that Verdi has appealed.

¶31 Accordingly, we hold that the District Court did not abuse its discretion when it relied on the record before it and did not allow Verdi additional time for discovery.

¶32 Did the District Court err in denying Verdi's motion to set aside its summary judgment order?

¶33 Verdi filed his "Motion to Set Aside Order," pursuant to Rule 60(b), M.R.Civ.P. On appeal, he argues that this Court should use the criteria set forth in Nelson v. Driscoll (1997), 285 Mont. 355, 948 P.2d 256, to construe his motion as a motion to alter or amend a judgment under Rule 59(g), M.R.Civ.P. In Nelson, the plaintiff filed a Motion for Reconsideration after the district court granted summary judgment to defendants. We noted that a Motion for Reconsideration was not one of the post-judgment motions provided for, or authorized by, the Montana Rules of Civil Procedure. We adopted criteria to judge whether a motion for reconsideration is, in substance, a motion to alter or amend. Nelson, 285 Mont. at 360, 948 P.2d at 259. Here, Verdi specifically filed his motion pursuant to Rule 60(b), M.R.Civ.P., thus consideration of the Nelson criteria is not necessary.

¶34 We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. Fennessy v. Dorrington, 2001 MT 204, ¶ 7, 306 Mont. 307, ¶ 7, 32 P.3d 1250, ¶ 7. Rule 60(b) allows parties to seek relief from a final judgment for a variety of reasons, including mistake, newly discovered evidence, fraud and "any other reason justifying relief from the operation of the judgment." In his brief supporting his motion to set aside, Verdi does not specify which subsection of Rule 60(b) applies, but he raises the same arguments that he has raised on appeal. Since we have already held that those arguments have no merit, we hold that the District Court did not abuse its discretion in denying Verdi's motion to set aside the judgment.

¶35 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ PATRICIA COTTER