No. 03-666

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 96N

KELLIE STAFFORD,

        Plaintiff and Appellant,

   v.

STATE OF MONTANA, and its
DEPARTMENT OF CORRECTIONS,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                   In and For the County of Gallatin, Cause No. DV-02-369
                   Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

           Geoffrey C. Angel; Angel Law Firm, Bozeman, Montana

        For Respondents:

           Michael R. King, Risk Management & Tort Defense Division
           Department of Administration, Helena, Montana

Submitted on Briefs:  February 3, 2004

Decided:  April 16, 2004

Filed:

_____
                     Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Kellie Stafford appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, granting summary judgment to the State of Montana and its Department of Corrections (DOC) (collectively, the State). We affirm.

¶3 The restated issues on appeal are:

¶4 1. Did the District Court err in concluding a discharged probationary employee may not recover under the Wrongful Discharge from Employment Act when a collective bargaining agreement with her employer provided that "[n]o permanent employee shall be disciplined or discharged except for just cause"?

¶5 2. Did the District Court err in concluding Stafford could not recover under a theory of negligent hiring, retention and supervision?

¶6 3. Did the District Court abuse its discretion when, after the summary judgment hearing, it allowed the State to file an affidavit and did not rule on Stafford's written motions to file her deposition and to depose an additional witness?

## BACKGROUND

¶7 Stafford was hired as a treatment court officer in the Bozeman probation and parole office. Mary Fay, the Chief of the Probation and Parole Bureau for the Adult Community Corrections Division of the DOC, wrote Stafford a letter informing her that she would have a training assignment for the first year of her employment and that "[a]s a Probation and Parole Officer, [she was] covered under the Montana Federation of Probation and Parole Local 4464" (the union). The union and the State had executed a collective bargaining agreement (CBA), in which the State recognized the union "as the sole and exclusive bargaining agent for all probation and parole officers. . . ." The CBA provides that "[n]o permanent employee shall be disciplined or discharged except for just cause."

¶8 Before Stafford completed the probationary period of her employment, Ron Alsbury, the Region II Administrator of the DOC Adult Community Corrections Division notified her in a letter dated October 19, 2001, that she had been discharged. The discharge occurred after a hearing which Stafford attended with her union representative, Steve Ette, and her attorney. Stafford subsequently sued the State, alleging that her discharge violated the Wrongful Discharge from Employment Act (WDEA) and, alternatively, that the discharge resulted from the DOC's negligent hiring, retention and supervision of its employees.

¶9 The State moved for summary judgment, Stafford responded, and the District Court scheduled a hearing. After the hearing, the State moved to supplement the record by filing an affidavit of DOC Fiscal Bureau Chief Rhonda Schaffer, and the District Court granted the motion. Five days later, Stafford filed a brief opposing the State's motion. She also filed

two motions–one to depose Ette to obtain "rebuttal evidence" pursuant to Rule 56(f), M.R.Civ.P., and one to file her deposition. The State did not object to Stafford's motion to file her deposition, but opposed her motion to depose Ette. The District Court did not address Stafford's objection to the filing of Schaffer's affidavit and did not rule on Stafford's motions.

¶10 Subsequently, the District Court granted summary judgment to the State. Stafford appeals.

## STANDARDS OF REVIEW

¶11 We review *de novo* a district court's grant of summary judgment under Rule 56(c), M.R.Civ.P., to determine whether genuine issues of material fact exist and whether the district court correctly concluded the moving party is entitled to judgment as a matter of law. *Bartlett v. Allstate Ins. Co.* (1996), 280 Mont. 63, 68, 929 P.2d 227, 230 (citations omitted). We review a district court's rulings on discovery, including those on motions under Rule 56(f), M.R.Civ.P., for abuse of discretion. *Environmental Contractors, LLC v. Moon*, 1999 MT 178, ¶ 19, 295 Mont. 268, ¶ 19, 983 P.2d 390, ¶ 19 (citations omitted).

## DISCUSSION

¶12 **1.    Did the District Court err in concluding a discharged probationary employee may not recover under the WDEA when a CBA with her employer provided that "[n]o permanent employee shall be disciplined or discharged except for just cause"?**

¶13 Except as provided therein, the WDEA provides the exclusive remedy for a wrongful discharge from employment. Section 39-2-902, MCA (2001). The WDEA does not apply to a discharge "of an employee covered by a written collective bargaining agreement. . . ."

4

Section 39-2-912(2), MCA (2001); *Winslow v. Montana Rail Link, Inc.*, 2000 MT 292, ¶ 21, 302 Mont. 289, ¶ 21, 16 P.3d 992, ¶ 21. Collective bargaining agreements are statutorily authorized, and public employers and union representatives acting in good faith are free to negotiate their terms. Sections 39-31-305 and -306, MCA; *LaFournaise v. Montana Developmental Center*, 2003 MT 240, ¶ 17, 317 Mont. 283, ¶ 17, 77 P.3d 202, ¶ 17.

¶14 Stafford argues the District Court erred in concluding she was covered by the CBA and not entitled to relief under the WDEA. She posits the CBA only protects permanent employees from discharge without cause and she could not file a grievance under the CBA during her probationary period. In other words, Stafford equates the lack of a remedy pursuant to the CBA to a lack of "coverage" by the CBA. In short, she contends that, absent a remedy under the CBA, the WDEA applies.

¶15 In support, Stafford relies on a dictionary definition of "cover" as "to protect by means of insurance." *See Black's Law Dictionary* 365 (6th ed. 1990). This definition has no application in the collective bargaining context. Before Stafford began her employment, she received a letter informing her that she was covered by the CBA. The union and the DOC had bargained to limit protections against wrongful discharge to permanent employees and not to extend those protections to probationary employees. Stafford had other rights under the CBA, one of which she exercised by having a union representative attend the hearing before her termination.

5

¶16 Under these facts and the plain language of § 39-2-912(2), MCA (2001), we conclude the District Court did not err in determining Stafford was covered by the CBA and the WDEA did not apply.

¶17 **2. Did the District Court err in concluding Stafford could not recover under a theory of negligent hiring, retention and supervision?**

¶18 Stafford argues the District Court erred in determining that the CBA precluded her negligence claim. The District Court reasoned that the CBA created an at-will employment for probationary employees, and the DOC could not have been negligent because it "could fire Stafford for any reason, or no reason at all."

¶19 Stafford first contends the CBA could not create an at-will employment, because the WDEA supercedes the common law doctrine of at-will employment. Given the circumstances of this case, we disagree.

¶20 Section 39-2-904(2)(a), MCA (2001), which was in effect at the time of Stafford's discharge, provides that "[d]uring a probationary period of employment, the employment may be terminated at the will of either the employer or the employee on notice to the other for any reason or for no reason." Stated differently, the WDEA permits a probationary employee to be fired at the will of an employer. Therefore, we reject Stafford's argument that the 2001 WDEA superceded at-will employment for probationary employees.

¶21 Alternatively, Stafford asserts that even if the CBA created an at-will employment, the DOC could not "fire Stafford for an otherwise unlawful reason, i.e. due to the negligent conduct of its employees." She relies on *Pablo v. Moore*, 2000 MT 48, 298 Mont. 393, 995

6

P.2d 460, in support of her position that we have recognized the tort of negligent hiring, retention and supervision. Our discussion of that theory in *Pablo* was in the context of an insurance coverage dispute stemming from a motor vehicle accident and was limited to whether the policy excluded the alleged tort; we held that it did not. *Pablo*, ¶¶ 5, 19-25. *Pablo* provides no support for Stafford's argument in this case involving the WDEA and a CBA.

¶22 Stafford further asserts that no Montana case other than *Pablo* has addressed the tort of negligent hiring, retention and supervision. She distinguishes the present case from one advanced by the State, but this distinction does not meet Stafford's burden of establishing error by the District Court. *See, e.g.*, *Hawkins v. Harney*, 2003 MT 58, ¶ 35, 314 Mont. 384, ¶ 35, 66 P.3d 305, ¶ 35 (citation omitted); *In re Marriage of Burk*, 2002 MT 173, ¶ 16, 310 Mont. 498, ¶ 16, 51 P.3d 1149, ¶ 16 (citation omitted). Simply put, Stafford presents no legal rationale or authorities which support this argument.

¶23 In discussing the negligence claim in her reply brief, Stafford contends that collective bargaining agreements are "covered by the National Labor Relations Act" and advances a case in support of that contention. Rule 23(c), M.R.App.P., requires a reply brief to be confined to new matter raised in the respondent's brief. *Sherrard v. Prewett*, 2001 MT 228, ¶ 20, 306 Mont. 511, ¶ 20, 36 P.3d 378, ¶ 20 (citation omitted). Because the State did not raise the federal act in its response brief, we decline to address this argument.

¶24 We hold Stafford has failed to meet her burden of establishing error in the District Court's conclusion that she could not recover under a theory of negligent hiring, retention and supervision.

¶25 **3. Did the District Court abuse its discretion when, after the summary judgment hearing, it allowed the State to file an affidavit and did not rule on Stafford's motions to file her deposition and to depose an additional witness?**

*a. State's Motion to Supplement Record with Schaffer's Affidavit*

¶26 Stafford contends the District Court abused its discretion in allowing the State to file Schaffer's affidavit after the summary judgment hearing. She relies on Rules 56(a) and (c), M.R.Civ.P., which provide, in pertinent part, that a party may move for summary judgment "with or without supporting affidavits" and must serve the motion "at least 10 days before the time fixed for the hearing." This argument is without merit because Rule 56(a), M.R.Civ.P., addresses only motions by claimants. In any event, however, it is undisputed that the State filed its summary judgment motion and supporting affidavits more than 10 days before the hearing. Rules 56(a) and (c), M.R.Civ.P., are of no help to Stafford.

¶27 Stafford also argues the State "first raised" the issue of her payment of union dues as "a new disputed issue of fact" through "[t]he testimony of counsel for the [DOC]" at the summary judgment hearing and the subsequent Schaffer affidavit. Because Stafford failed to submit a transcript of the summary judgment hearing, as required by Rules 9 and 10, M.R.App.P., we cannot adequately review this argument, and the detriment to our review is attributed to Stafford. *See*, *Springer v. Becker* (1997), 284 Mont. 267, 273, 949 P.2d 641, 644; *Huffine v. Boylan* (1989), 239 Mont. 515, 517, 782 P.2d 77, 78. At the bottom line, the

record before us strongly suggests that the dues issue was irrelevant and the District Court did not rely on the Schaffer affidavit. On the record before us, we conclude the District Court did not abuse its discretion in admitting the affidavit.

### b. Stafford's Motion to Depose Ette

¶28 Stafford also contends the District Court abused its discretion in denying her motion to depose Ette after the hearing pursuant to Rule 56(f), M.R.Civ.P., which reads as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f), M.R.Civ.P., clearly contemplates pre-hearing affidavits to the effect that more discovery is needed to oppose a summary judgment motion. Here, however, Stafford did not even submit an affidavit establishing the necessity of Ette's deposition, as required by the Rule. *See Disler v. Ford Motor Credit Co.*, 2000 MT 304, ¶ 12, 302 Mont. 391, ¶ 12, 15 P.3d 864, ¶ 12. Her motion merely speculated about Ette's testimony. Therefore, the District Court did not abuse its discretion in failing to rule on Stafford's motion to depose Ette.

### c. Stafford's Motion to File Her Deposition

¶29 Finally, Stafford contends the District Court abused its discretion in failing to rule on her post-hearing motion to file her deposition. She asserts that, because the State attached limited excerpts of the deposition to its summary judgment brief, she is entitled to have the court consider all portions of the deposition and attached exhibits. Stafford's general

premise is correct. *See* Rule 32(a)(4), M.R.Civ.P. However, Stafford fails to specify which portions of her deposition would have been relevant to the dispositive issue of her coverage under the CBA. Moreover, during the briefing on summary judgment, she referenced only those parts of her deposition and deposition exhibits submitted by the State. Because Stafford had ample opportunity to request leave to file her deposition, we conclude the District Court did not abuse its discretion in failing to rule on Stafford's written motion to file her deposition.

¶30    In summary, we hold the District Court correctly determined Stafford could not recover under the WDEA. We also hold Stafford failed to establish that the District Court erred in concluding the CBA precluded her negligence claim. Finally, we hold that neither the post-hearing admission of a supplemental affidavit nor the failure to rule on Stafford's post-hearing motions constituted an abuse of discretion.

¶31    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE