**FILED**

04/29/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0184

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0184

_____

HAMLIN CONSTRUCTION AND
DEVELOPMENT COMPANY, INC., a
Montana Corporation; JERRY HAMLIN and
BARBARA HAMLIN, Individually, and as
TRUSTEES OF THE HAMLIN FAMILY
REVOCABLE LIVING TRUST,

      Petitioners,

      v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS AND CLARK COUNTY,
HON. LUKE BERGER, Presiding,

      Respondent.

O R D E R

_____

The above-captioned Petitioners ("Hamlins"), via counsel, seek a writ of supervisory control over the First Judicial District Court, Lewis and Clark County, in its Cause No. XBDV-2018-1429. Hamlins maintain the District Court erred in denying their motion to consolidate this case with another case also pending in the First Judicial District Court under Cause No. DDV-2018-980. Hamlins have also petitioned for a writ of supervisory control over that matter and have moved this Court to consolidate both petitions for supervisory control. Hamlins further request that this District Court matter be stayed pending the resolution of this petition.

Cause No. XBDV-2018-1429 ("the MDT case") involves a dispute between Petitioners and the Montana Department of Transportation (MDT) regarding culverts MDT installed on Canyon Ferry Road, adjacent to land Hamlins are attempting to subdivide. On November 15, 2018, Hamlins filed suit against MDT, alleging that the culverts MDT installed were inadequate and that Hamlins suffered damages as a result.

On November 22, 2019, Hamlins moved to consolidate this case with Cause No. DDV-2018-980 ("the County case"). In the County case, Hamlins filed suit against the Board of County Commissioners of Lewis and Clark County (County) on September 12, 2018, alleging that Hamlins suffered damages because the County refused to either take responsibility for replacing the culverts MDT had installed or issue Hamlins a floodplain permit without Hamlins incurring significant flood mitigation costs. MDT opposed Hamlins' motion to consolidate the two matters; the County did not oppose consolidation.

At the time Petitioners moved to consolidate, the County case was before Hon. James P. Reynolds, while the MDT case was before Hon. Luke Berger. Judge Berger had assumed jurisdiction of the MDT case after all Judges of the First Judicial District had either recused themselves, declined jurisdiction, or were substituted from the case. As Judge Reynolds has since retired, the County case is now before Hon. Christopher D. Abbott.

On May 5, 2020, Judge Berger denied Hamlins' motion to consolidate, concluding that it was not warranted in this instance.[1] In that order, the District Court summarized the pertinent allegations Hamlins made in each case, compared the cases, and analyzed relevant case law to determine if consolidation was warranted under M. R. Civ. P. 42(a)(2). Rule 42(a)(2) provides that if actions before the court involve a common question of law or fact, the court may consolidate those actions. Consolidation rests in the discretion of the court. *In re Estate of McDermott*, 2002 MT 164, ¶ 14, 310 Mont. 435, 51 P.3d 486. A district court may deny a motion to consolidate even where two cases appear to involve common issues of law and fact if other factors convince the court not to consolidate. *In re Formation of East Bench Irrigation Dist.*, 2009 MT 135, ¶ 39, 350 Mont. 309, 207 P.3d 1097.

---

[1] On May 28, 2020, the District Court likewise denied Hamlins' motion to consolidate in the County case. In that order, Judge Reynolds found Judge Berger's May 5, 2020 decision to be well-reasoned and adopted it as the order in the County case. Judge Reynolds further noted that he would not force the County case onto Judge Berger's docket since Judge Berger had already indicated that he did not wish to consolidate the matters.

In this case, the District Court noted that while it has the discretion under Rule 42(a) as to whether to consolidate cases, consolidation was not warranted here because the claims against MDT and the County were based upon distinct conduct by each entity and the liability of MDT and the County would be determined by each entity's distinct actions. The court opined that consolidating the cases would potentially require each defendant to become involved in issues not pertaining to them. Furthermore, the court foresaw no danger of inconsistent judgments if the cases were not consolidated because the liability for each defendant was predicated upon that defendant's distinct conduct and it would not be an inconsistent result if one defendant were found liable while the other was not. The court further determined that consolidation would not be efficient because the cases are in front of different judges and, if consolidated, the court would unnecessarily expend time and judicial resources to become familiar with the matter not currently before it.

On December 23, 2020, MDT moved the District Court for summary judgment in this case. The following day, Hamlins moved to join MDT as a necessary party in the County case. On January 15, 2021, Hamlins moved the District Court to stay this matter, to stay its ruling on MDT's summary judgment motion, or alternately to consolidate the MDT and County cases. In their briefing, Hamlins explained that they were awaiting a ruling on their motion to join MDT in the County case. Hamlins alleged that changed circumstances supported a renewed motion to consolidate. Hamlins further noted that the MDT case could now be consolidated into the County case because Judge Abbott had succeeded Judge Reynolds—who could not preside over the MDT case because MDT had moved for substitution—in the County case.

On March 29, 2021, the District Court denied Hamlins' motions to stay the matter, to stay ruling on the pending motion for summary judgment, and to consolidate. The court did not find the change in circumstances since May 2020 was significant enough to warrant reconsideration of its previous ruling against consolidation. The court also expressed uncertainty as to whether it could consolidate the cases under Rule 42(a) because both cases were not before it. The court further denied the motion to stay, concluding that Hamlins

would not be unduly prejudiced if the matter were not stayed and that any justification for a stay was outweighed by the need for a just and speedy resolution of this matter.

Hamlins then filed this petition for writ of supervisory control. They urge this Court to accept supervisory control and to conclude that the District Court abused its discretion and committed legal errors by denying Hamlins' motions to stay the matter, to stay ruling on the pending motion for summary judgment, and to consolidate. Hamlins ask this Court to consolidate the MDT case into the County case.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). The petitioner bears the burden of establishing the existence of these factors. *Weller v. State*, No. OP 11-0337, 362 Mont. 543, 272 P.3d 124 (table) (Aug. 9, 2011). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

In this case, Hamlins argue that supervisory control is appropriate because they allege it is their only remedy. However, we note that in numerous cases, this Court has reviewed grants or denials of motions to consolidate on appeal. *E.g. In re Formation of East Bench Irrigation Dist.*, 2009 MT 135, 350 Mont. 309, 207 P.3d 1097; *Envtl. Contrs. v. Moon*, 1999 MT 178, 295 Mont. 268, 983 P.2d 390; *Tribby v. Northwestern Bank of Great Falls*, 217 Mont. 196, 704 P.2d 409 (1985). Thus there is no *per se* lack of remedy on appeal.

Hamlins further maintain that the remedy of appeal is inadequate and they will suffer prejudice by having these suits proceed separately because: (1) allowing these matters to proceed separately could lead to inconsistent results; and (2) Hamlins will be forced to undergo the time and expense of two separate trials. We are not persuaded by either argument. First, as Judge Berger explained in his May 5, 2020 order denying Hamlins' motion to consolidate, the liability for each defendant is predicated upon that defendant's distinct conduct and it will not be an inconsistent result if one defendant is found liable while the other is not. Second, this Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019). Moreover, Hamlins themselves chose, for whatever reason, to file separate lawsuits against these defendants.[2] They cannot now claim that they are prejudiced by the existence of two distinct cases which they originated.

Furthermore, there is a pending summary judgment motion in this case which, if granted, is dispositive. We note that Hamlins felt no urgency to seek supervisory control after the District Court denied their motion to consolidate in May 2020; it was not until MDT filed a motion for summary judgment that Hamlins renewed their motion to consolidate, sought to stay proceedings, and then petitioned this Court. The basis for Hamlins' petition for supervisory control on the District Court's denial of Hamlins' motions to stay the proceedings and to stay ruling upon MDT's summary judgment motion appears to be simply that Hamlins would prefer to have Judge Abbott rule on MDT's motion. Hamlins argue that this Court should direct Judge Berger to stay these proceedings without ruling upon MDT's motion for summary judgment, direct Judge Abbott to join MDT in the County case and/or order the MDT case consolidated into the County case and, "Upon MDT's joinder or consolidation, MDT may then re-file its same Motion for

---

[2] In their Petition, Hamlins offer only that "[e]xtenuating circumstances" led to the filing of separate complaints.

Summary Judgment before Judge Abbott." Hamlins assert that no ruling should be made upon MDT's summary judgment motion until after MDT is either joined to or consolidated into the County case because Hamlins allege that only then can a consistent final judgment be guaranteed. However, MDT is either entitled to summary judgment as a matter of law, or it is not. MDT's right to summary judgment, and both MDT's and Hamlins' right to appeal the District Court's eventual ruling on MDT's motion, is not dependent on whether the ruling is made by Judge Berger or Judge Abbott.

It is true that, as Hamlins point out, we have on occasion reviewed, via supervisory control, district courts' rulings under M. R. Civ. P. 42(b) regarding bifurcation.[3] Hamlins argue that a denial of a motion to consolidate is effectively the same as an order bifurcating a proceeding and Hamlins therefore assert that since we have accepted supervisory control to review one, we should likewise accept supervisory control to review the other. However, as set forth in M. R. App. P. 14, this Court's determination to accept supervisory control is discretionary. The appropriateness of such is decided on a case-by-case basis. *Stokes*, ¶ 5. The fact that the Court may have accepted supervisory control of a case in which an arguably similar legal question arose is not, in and of itself, a sufficient basis to warrant supervisory control in the case before it.

Here, particularly in light of MDT's pending motion for summary judgment in this case and the pending motion to join MDT in the County case, we do not find supervisory control to be warranted as each respective District Court's ruling on those pending matters may obviate the issue of consolidation. The District Courts' respective rulings on each of these issues will be reviewable on appeal. Therefore, we decline to take supervisory control over this matter.

Therefore,

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

---

[3] Hamlins point to *Malta Pub. Sch. Dist. A & 14 v. Mont. Seventeenth Judicial Dist. Court*, 283 Mont. 46, 938 P.2d 1335 (1997), and *State ex rel. Gadbaw v. Eighth Judicial Dist. Court*, 2003 MT 127, 316 Mont. 25, 75 P.3d 1238.

IT IS FURTHER ORDERED that the motion to stay is DENIED as MOOT.

IT IS FURTHER ORDERED that the motion to consolidate this Court's Cause Nos. OP 20-0182 and OP 20-0184 is DENIED as MOOT.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. XBDV-2018-1429, and the Honorable Luke Berger, presiding.

DATED this 29th day of April, 2021.

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

7

Electronically signed by:
James Jeremiah Shea
Justice, Montana Supreme Court
April 29 2021